PHILLIP A. TALBERT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>DAVID JOSEPH YAMA,<br><br>           Defendant. | CASE NO. 1:21-CR-00272-NODJ-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: April 8, 2024<br>TIME: 8:30 a.m. |

This case is set for a status conference on the defendant's competency evaluation on April 8, 2024. The parties hereby stipulate to vacate the status conference and set the case for a hearing on competency on April 29, 2024, at 8:30 a.m., and to exclude time between April 8, 2024, and April 29, 2024, under 18 U.S.C. § 3161(h)(7)(A), B(iv), and 18 U.S.C. § 3161(h)(1)(A).

1. On September 20, 2023, the Court ordered the defendant to undergo a competency examination by D. Howard Terrell. Doc. 43. The Court ordered a status conference on the evaluation for November 27, 2023. *Id.*

2. The status conference on the evaluation was continued by the parties' stipulation and court order so that the defense would have the opportunity to procure funding to hire Dr. Terrell first to January 29, 2024, and then to March 4, 2024. Doc. 45, 49.

3. After the status conference was continued to March 4, 2024, defense counsel informed the government that its attempts to obtain funding to hire Dr. Terrell had been rejected, and that

the government would need to obtain Department of Justice funding to hire Dr. Terrell. The government then contacted an expert psychologist group, Forensic Psychiatric Associates LP, and inquired about the prospect of hiring an expert psychologist. The parties conferenced with the director of Forensic Psychiatric Associates LP and it was recommended to the parties that an evaluation be done by two experts, Forensic Neuropsychologist, Dr. Jeremy Blank and Dr. Shafi Lodhi, Forensic Psychiatrist and Neuropsychiatrist.

4. The government then procured Department of Justice funding, authored a contract, and hired both experts. Dr. Blank met with defendant Yama the week of February 19, 2024 and conducted an evaluation. Dr. Lodhi met with defendant Yama on March 5, 2024 for his evaluation.

5. On March 28, 2024, Dr. Lodhi contacted the parties and explained that he is finalizing the expert medical report on Mr. Yama's competency, and expects to have that report to the parties on April 8, 2024. Once it is received, the government will file the report under seal.

6. The parties have met and conferred and have selected the first available date that the parties and Dr. Lodhi are available for a competency hearing: **Monday April 29, 2024**.

7. The parties seek an exclusion of time resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant.

8. Counsel for defendant also seeks this exclusion of time to prepare for competency proceedings as well as a potential trial in the case. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The government does not object to the continuance.

For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 8, 2024 to April 29, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Specifically, time is excluded for trial preparation, investigation, meeting with potential witnesses, and

review of discovery that has been produced as well as any supplemental discovery that will be produced. The period of time is also deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) because the delay results from a proceeding, including an examination, to determine the mental competency or physical capacity of the defendant.

Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 2, 2024                              PHILLIP A. TALBERT
                                                   United States Attorney

                                                   /s/ JUSTIN J. GILIO
                                                   JUSTIN J. GILIO
                                                   Assistant United States Attorney


Dated:  April 2, 2024                              /s/ Anthony Capozzi
                                                   Anthony Capozzi
                                                   Counsel for Defendant
                                                   DAVID JOSEPH YAMA


**ORDER**

IT IS SO ORDERED this 3rd day of April, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE