# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>DAVID JOSEPH YAMA,<br><br>                Defendant. | Case No. 1:21-cr-00272-JWH-EPG<br><br>**ORDER SETTING VIRTUAL STATUS CONFERENCE** |

The Court has received the letter attached hereto from the City of Clovis, as well as an electronic file containing approximately 1,400 pages of personnel records.  It appears that the City of Clovis provided those materials to this Court in response to subpoenas served by Defendant David Joseph Yama.

On its own motion, the Court sets a virtual Status Conference on July 1, 2026, at 10:00 a.m. to discuss the procedure through which the Court or the Government may disclose those materials, or portions thereof, to Yama or to his counsel.  In preparation for the Status Conference, the Court directs the parties' attention to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and Rules 16(d)(1) and 49.1 of the Federal Rules of Criminal Procedure.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.    A virtual Status Conference is **SET** for July 1, 2026, at 10:00 a.m.

2.    In advance of that virtual Conference, the Clerk will provide an appropriate Zoom or Teams link to counsel.

**IT IS SO ORDERED.**

Dated:  June 26, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-2-



Matthew M. Lear
  Attorney at Law

E-mail: mlear@lozanosmith.com

June 17, 2026

**By E-Mail:    JWH_Chambers@cacd.uscourts.gov**

Clerk of the Court
Ronald Reagan Federal Building and United States Courthouse
Courtroom 9D, 9th Floor
411 W. 4th Street
Santa Ana, CA 92701

Re:    *USA v. David Joseph Yama*
       U.S. District Court – Eastern District of California Case No. 21-cr-00272-JWH
       Subpoena for Production of Records from the City of Clovis Police Department

Dear Sir or Madam:

On behalf of the custodian of records for the City of Clovis ("City"), this letter serves as the City's response to the six (6) subpoenas for peace officer personnel records requested by Mr. Yama's counsel, issued on June 3, 2026. (Attached hereto as **Exhibit A** are true and correct copies of the subpoenas received by the City.)  The City has compiled documents in its possession that are responsive to the subpoenas and respectfully lodges those records with the Court for review. (Attached hereto as **Exhibit B**, are true and correct copies of documents responsive to the subpoenas.)

The City does not seek to disregard or refuse compliance with the subpoenas.  Rather, because the responsive materials contain information implicating significant governmental confidentiality interests and individual privacy interests protected under California law, the City respectfully requests that the Court review the records in camera before determining whether, and to what extent, they should be disclosed to the parties.

California has long recognized that the protection of individual privacy is a fundamental constitutional right. (Cal. Const., art. I, § 1.)  Consistent with that constitutional guarantee, the Legislature has established a comprehensive statutory scheme to protect the confidentiality of peace officer personnel records (Pen. Code, § 832.7), which the California Supreme Court has explained was enacted "to protect peace officers' interest in privacy to the fullest extent possible." (*Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1284–1285; citing to *People v. Mooc* (2001) 26 Cal.4th 1216, 1227.)  If this case were brought in a state court, the defendant would be required to file a motion accordance with *Pitchess* (1974) 11 Cal.3d 531, just to obtain an in camera review of peace officer personnel records. (Evid. Code, § 1043, et seq.)

Clerk of the Court
June 17, 2026
Page 2

While the City acknowledges that California confidentiality statutes do not create controlling evidentiary privileges in a federal criminal prosecution, they still identify substantial governmental and privacy interests that federal courts routinely consider when determining the appropriate scope of disclosure and whether protective measures should accompany any production. (See Fed. R. Evid. 501; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ["*Kelly*"]; *Sanchez v. City of Santa Ana* (9th Cir. 1990) 936 F.2d 1027, 1033-1034.)

The Supreme Court has recognized that where confidential governmental records are sought in a criminal proceeding, in camera judicial review is an appropriate mechanism for balancing a criminal defendant's rights against legitimate governmental confidentiality interests. (*Pennsylvania v. Ritchie* (1987) 480 U.S. 39, 60 ["We find that Ritchie's interest (as well as that of the Commonwealth) in ensuring a fair trial can be protected fully by requiring that the CYS [Child and Youth Services] files be submitted only to the trial court for in camera review."].) The Supreme Court in *Ritchie* took consideration of the state's interest in maintaining the confidentiality of certain records while preserving the defendant's interest in receiving a fair trial. (*Id*. at p. 61.)

Likewise, the Ninth Circuit has recognized that disclosure of governmental records should ordinarily occur only after balancing the requesting party's need against governmental and privacy interests, with protective orders and in camera review serving as appropriate mechanisms to protect those competing interests. (*Kelly*, at p. 660–663.)  Accordingly, should the Court determine that disclosure of any portion of the records is appropriate, the City respectfully requests that any disclosure be made pursuant to an appropriate protective order limiting the use and dissemination of the materials. (*Id*. at p. 666; see also Fed. R. Crim. P. 16, subd. (d)(1).)  The City would request that such an order should, at a minimum provide the following:

1. Limit use of the records solely to this criminal proceeding;
2. Limit disclosure to counsel of record, their staff, retained experts, investigators, and the Court;
3. Prohibit further dissemination absent further order of the Court;
4. Require redaction of personal identifying information where appropriate;
5. Require that any filing containing the records be submitted under seal unless otherwise ordered; and
6. Require return or destruction of all copies following the conclusion of the litigation.

By submitting these records to the Court, the City does not waive any applicable privilege, immunity, confidentiality protection, or objection that may apply to any portion of the submitted materials. The records are provided solely in compliance with the Court's subpoena and subject to the Court's determination regarding disclosure.  However, the City will note that it does not possess and therefore has not provided any records in response to the subpoena for personnel files for "Sgt. Bryan Pelayo" because this is not a current or former officer of the City. (See Exh. A, p. 5.)

Clerk of the Court
June 17, 2026
Page 3


The City appreciates the Court's consideration of this request and stands ready to provide any additional information the Court may require.

Sincerely,

LOZANO SMITH

Matthew M. Lear
Deputy City Attorney
City of Clovis

Enclosures:
- Exhibit A – Copies of the Subpoenas (6) Issued on June 3, 2026
- Exhibit B – Documents Responsive to the Subpoenas