# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVID JOSEPH YAMA,<br>Defendant. | Case No. 1:21-cr-00272-JWH-EPG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS [ECF No. 178] AND MOTION TO CONTINUE [ECF No. 179]** |

Before the Court are two pretrial matters requiring immediate attention:

- the motion of Defendant David Yama to suppress the contents of Yama's cell phone seized from his vehicle;[1] and
- Yama's motion to continue trial.[2]

The Court conducted a virtual hearing on both Motions on July 17, 2026. After considering the papers filed in support and in opposition,[3] as well as the argument of counsel at the hearing, the Court **DENIES** both Motions.

## I. MOTION TO SUPPRESS

### A. Yama's Status as Subject to Postrelease Community Supervision

Under Ninth Circuit law, Yama—who was on Postrelease Community Supervision ("PRCS") under California law at the time that the officers seized his phone—is considered a parolee for purpose of his Fourth Amendment privacy expectations. *See United States v. Miller*, 694 F. App'x 609, 610 (9th Cir. 2017) (comparing the privacy expectations of a defendant on PCRS to a defendant on parole). Yama counters that under California law, a defendant on PCRS is not comparable to those on parole. However, Yama's authorities are inapposite because those cases contrast PCRS and parole outside of the Fourth Amendment context. *See People v. Tubbs*, 230 Cal. App. 4th 578, 583-84 (2014) (contrasting PCRS and parole in the context of excess time presentence credits); *People v. Espinoza*, 226 Cal. App. 4th 635, 638-39 (2014) (explaining that a "term

---

[1] Def.'s Mot. to Suppress (the "Motion to Suppress") [ECF No. 178].

[2] Def.'s Mot. to Cont. (the "Motion to Continue") [ECF No. 179].

[3] The Court considered the documents of record in this action, including the following papers: (1) Motion to Suppress; (2) Motion to Continue; (3) Pl.'s Opp'n to the Motion to Suppress [ECF No. 185]; (4) Pl.'s Opp'n to the Motion to Continue [ECF No. 187]; and (5) Def.'s Reply in Supp. of the Motion to Suppress [ECF No. 188].

of imprisonment and parole" does not include time on PCRS in the context of calculating excess time presentence credits).

As a parolee who was subject to warrantless searches of his personal property, Yama had a greatly diminished expectation of privacy. Accordingly, the Court concludes that the warrantless search of Yama's cell phone was constitutionally reasonable. *See United States v. Johnson*, 875 F.3d 1265, 1275 (9th Cir. 2017).

**B. Temporal Considerations**

Yama separately contends that the time between the seizure of his cell phone and the extraction of its data is unreasonable. The Court disagrees. "An unreasonable delay between the seizure of a package and obtaining a search warrant may violate a defendant's Fourth Amendment rights. The touchstone is reasonableness." *Id.* at 1276 (quoting *United States v. Sullivan*, 797 F.3d 623, 633 (9th Cir. 2015)) (citation modified).

The officers seized Yama's cell phone on September 1, 2020, and the cell phone's data was apparently extracted on October 7, 2020.[4] As in *Johnson*, the Government "obtained the phone lawfully, and there is no evidence the delays were the result of dilatory tactics by the state." *Id.* Accordingly, the Court concludes that the 36-day period between seizure and extraction was not unreasonable. Furthermore, there is no evidence indicating that Yama's PCRS status terminated between the time that his phone was seized and the time that his phone was searched. *See* Cal. Penal Code § 3456(a) (listing the ways in which PCRS may terminate). Thus, the search of Yama's phone was independently reasonable on October 7, 2020, for the reason that Yama was still on PCRS at that time.

---

[4] Motion to Suppress, Ex. 2 [ECF No. 178-2] 4.

Moreover, at the time that Yama's cell phone was seized, the officers had probable cause to suspect that Yama was engaged in criminal activity. During the September 1, 2020, search, the officers found and seized controlled substances and ammunition alongside the cell phone.[5] Those facts independently support the conclusion that the search was reasonable. *See United States v. Knights*, 534 U.S. 112, 121, (2001) (holding that a warrantless search of a probationer based upon "reasonable suspicion" of criminal activity is constitutional). Accordingly, Yama's Motion to Suppress is **DENIED**.

## II. MOTION TO CONTINUE

A district court possesses broad discretion when deciding a motion to continue trial. *See Morris v. Slappy*, 461 U.S. 1, 11 (1983). To determine whether a continuance is appropriate, the court considers: (1) counsel's diligence in preparing his defense prior to the trial date; (2) whether the continuance would satisfy the defendant's needs; (3) the inconvenience that a continuance would cause the court and the Government; and (4) the extent to which the defendant would suffer harm if the continuance was denied. *See United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000)). "The fourth factor is most critical." *Id.*

Yama seeks a continuance in order to obtain a second analysis of the seized fentanyl pills and because he may need an expert to render an opinion regarding whether "the seized pills were conducive to personal use."[6] As of July 13, 2026, Yama has received an analysis of the seized pills, including the percentage of fentanyl present, and Yama's counsel has had the opportunity to question the forensic chemist who conducted that analysis. In fact, Yama's

---

[5] *See* Pl.'s Opp'n to Def.'s Mot. to Suppress Ammunition Seized in Def.'s Garage, Ex. A [ECF No. 129-1] (September 1, 2020, Incident Report).

[6] Motion to Continue 2:13-16.

counsel represented at the hearing on the instant Motions that he no longer requests a continuance to obtain a second analysis. The Court concludes that even without a continuance, Yama will be able to present a defense based upon the potency of the seized pills.

With respect to Yama's desire to retain an expert, the Court notes that Yama's counsel could have engaged an expert to opine on whether "the seized pills were conducive to personal use" at any time. Yama's counsel has sought potency testing since at least May 2026, and at the hearing he articulated no reason why he could not also have sought to retain an expert then.

Therefore, the Court concludes that Yama would not suffer significant harm if he is unable to obtain a second analysis of the seized pills or to pursue retaining an expert. On the other hand, a continuance of the trial—which was originally set for August 22, 2023[7]—would cause significant inconvenience to the Government and to the Court. Accordingly, Yama's Motion to Continue is **DENIED**.

## III. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Yama's Motion to Suppress [ECF No. 178] is **DENIED**.
2. Yama's Motion to Continue [ECF No. 179] is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 20, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[7] Order re Excludable Time Periods [ECF No. 33].